UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:12-CR-128 (CEJ) |
| | ) | |
| BRUCE EDWARD HUMPHREY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Pursuant to 28 U.S.C. § 636(b), the Court referred all pretrial matters in this case to United States Magistrate Judge Nannette A. Baker for determination and recommended disposition, where appropriate.  On September 11, 2012, Judge Baker issued a Report and Recommendation, in which she recommended that the defendant's motion to suppress evidence and statements be denied. The defendant timely filed objections to the recommendation; the United States did not file a response to the objections.

As required by statute, the Court has conducted a *de novo* review of the proposed findings and recommendations of the magistrate judge as to which objections have been made. 28 U.S.C. §636(b)(1).   Specifically, the Court has reviewed the parties' memoranda and the transcript of the suppression hearing conducted on July 17, 2012.  The defendant does not dispute the factual findings of the magistrate judge.   He does, however, challenge the magistrate judge's application of the law to the facts.  For the reasons discussed below, the Court

concludes that the factual findings made by Judge Baker are supported by the evidence, and that her legal conclusions are correct.

* * * * *

A brief seizure, or investigatory detention, by police is lawful if based on reasonable suspicion. Terry v. Ohio, 392 U.S. 1, 32-33 (1968). An investigatory detention is valid only when the police have a reasonable, articulable suspicion of criminal activity. Terry, 392 U.S. at 21 (police must point to "specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion."); United States v. Fuse, 391 F.3d 924, 929 (8th Cir. 2004)(to comply with the Fourth Amendment, police must be able to "articulate some minimal, objective justification for an investigatory stop."). The issue in this case is whether there was reasonable suspicion to justify an investigative detention of the defendant. In determining that issue, the Court "must evaluate the reasonableness of . . . [the] seizure in light of the particular circumstances." Terry, 392 U.S. at 21. See United States v. Garcia, 23 F.3d 1331, 1334 (8th Cir. 1994) ("Whether the particular facts known to the officer amount to an objective an particularized basis for a reasonable suspicion of criminal activity is determined in light of the totality of the circumstances.")

The Court finds that the initial seizure of the defendant in the strip mall parking lot was based on reasonable suspicion of criminal activity. The evidence establishes that after the police officers attempted to discontinue their surveillance, the defendant became their pursuer. The defendant drove his car directly toward the officers' vehicle and stopped in its path as if to block it. Also, the defendant was

known to the officers as a convicted felon and as a suspect in a murder investigation. His behavior under these circumstances was such as to give rise to a reasonable concern for officer safety. Thus, the police were justified in seizing the defendant by blocking his vehicle and drawing their weapons. See United States v. Bell, 480 F.3d 860, 864 (8th Cir. 2007) (officers may take reasonable steps necessary to protect themselves during an investigative stop).

The evidence also establishes that the investigative stop did not ripen into an arrest until after the officer looked through the window of the defendant's car and saw the firearm in his lap. As noted above, the officers knew that the defendant was a convicted felon and, as such, he was prohibited from possessing a firearm. Thus, there was probable cause to seize the firearm and to arrest the defendant. See Beck v. Ohio, 379 U.S. 89, 91 (1964)(warrantless arrest is constitutional if "at the moment the arrest was made, the officers had probable cause to make it---whether at that moment the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the [suspect] had committed or was committing an offense.")

The defendant's challenge to the admission of his statements as "fruit of the poisonous tree" fails, because his seizure and subsequent arrest did not violate the Fourth Amendment. Cf. Wong Sun v. United States, 371 U.S. 471 (1963). Moreover, the evidence establishes that the defendant's statements were made voluntarily and with a full understanding of his rights to remain silent and to counsel. See Miranda v. Arizona, 384 U.S. 436 (1966).

Accordingly, for the reasons discussed above,

**IT IS HEREBY ORDERED** that the Report and Recommendation of United States Magistrate Judge Nannette A. Baker is sustained, adopted, and incorporated herein.

**IT IS FURTHER ORDERED** that the motions of defendant Bruce Edward Humphrey to suppress evidence and statements [Doc. ## 32 and 57] are **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE


Dated this 9th day of October, 2012.